WHEELER *v.* BENNETT.

Opinion delivered May 28, 1906.

JUDGMENT—RES JUDICATA.—Where, in a proceeding based upon constructive service, the defendants made default, a judgment reciting that the cause was heard upon the evidence and dismissing the complaint for want of equity bars the plaintiff from prosecuting another suit upon the same cause of action.

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Driver & Harrison,* for appellant:

1.    A judgment rendered in an adversary suit without notice is void.   49 Ark. 397; Freeman on Judgments, 4 Ed. § 117; 58 Ark. 181; 71 Ark. 565.

2.    Appellant is not estopped by the decree rendered at the October term, 1902.   The burden is upon the appellees to show to the satisfaction of the court an estoppel by virtue of this decree.   55 Ark. 286.   The complaint in that suit was an effort to remove a cloud from title.   It discloses that petitioner was out of possession, that it was an effort to attack collaterally the former decree under which appellees claimed title, and the decree dismissing this complaint was in effect an involuntary nonsuit. 47 Ark. 120, and cases cited.

3.    It is patent upon the face of the complaint upon which the decree of dismissal was based that no cause of action was urged, and it could not support a decree that affected the rights of defendants.   62 Ark. 439; 57 Ark. 97.   The merits were never presented in the petition to remove cloud from the title, and no binding decree could have been rendered thereon.   62 Ark. 78; 94 U. S. 608.

*D. F. Taylor* and *J. T. Coston,* for appellees.

1.    It is conceded that a judgment without notice is void, but the question of service upon appellant has been litigated, and decided adversely to his contention by the decree rendered in October, 1902.   His complaint stated a good cause of action. Bennett and Lollar were nonresidents.   The court heard plaintiff's evidence, and dismissed the complaint for want of equity. It is *res judicata.*   Black, Judgments, § 609, subsec. 2; *Ib.* § 614; 89 Fed. 652; 88 S. W. 980.   In an action against non-residents plaintiff must substantiate his complaint by proof.   Kirby's Digest, § 6253.   A dismissal or a default may be the basis for a judgment on the merits.   85 Fed. 636; 7 Wall. 109; 157 U. S. 691; 166 U. S. 518; 152 U. S. 257.

2.    As to the partition suit, the record shows that Wheeler was served, as appears by the sheriff's return, that *all* parties appeared by solicitors at the submission of the cause, and that *all* parties consented to the approval and confirmation of the report. These recitals are not contradicted.   61 Ark. 474.   The presump-

tion in favor of jurisdiction is conclusive. 87 S. W. 436; 80 S. W. 884.

3. Appellant is not entitled to relief because of his own laches. 50 Ark. 462; 28 Minn. 132; 6 Wis. 164; 98 Ind. 165; 190 Pa. 345; 62 Minn. 18; 71 Hun, 519.

McCulloch, J. This is a suit in the chancery court of Mississippi County, Chickasawba District, brought by appellant, Cicero Wheeler, against appellees, B. F. Bennett, Dora Lollar, and certain other parties to annul and vacate a decree of that court rendered at a former term in a suit instituted by appellees against appellant, and others, for partition of certain lands aggregating several thousand acres, the particular tract claimed by appellant having been allotted to appellees Bennett and Lolar in the division. He alleged, for grounds of complaint, that he was not served with summons, did not appear in the suit, and had no information of the pendency thereof until after the rendition of the decree.

The decree for partition sought to be annulled was rendered at the October term, 1900, and the final order of the court confirming the report of commissioners dividing the lands was rendered at the October term, 1901. The present suit was commenced March 11, 1903.

Appellees alleged, among other defenses, that appellant had on September 2, 1902, instituted suit against them in the same court, setting forth the same cause of action and seeking the same relief as in this suit, and that said court at the October term, 1902, rendered a final decree, upon the pleadings and proof, dismissing the complaint for want of equity. Said decree is pleaded as a bar to appellant's right to maintain this suit.

The complaint in the former suit is set forth in the record, and discloses substantially the same allegations as contained in the complaint in the present suit.

The decree is as follows:

"Chancery Court, Chickasawba District, Mississippi County, Arkansas.

"Cicero Wheeler, Plaintiff,
          *v.*
B. F. Bennett and Dora Lollar, Defendants.

"Comes the plaintiff by his attorneys, Little & Buck, and the

defendant, though duly served with process by warning order published as the law directs, came not, but made default. This cause is heard upon the pleadings, affidavit of plaintiff and the record of decree and report of partition in the case of Bennett *et al. v.* Bugg *et al.,* in the chancery court of Mississippi County, and the argument of counsel, and, upon consideration, the court finds that there is no equity in the plaintiff's complaint. It is therefore considered by the court, adjudged and decreed that plaintiff's complaint herein be and the same is dismissed at plaintiff's cost."

It is urged in behalf of appellant that the decree in the former suit was in effect a nonsuit or dismissal for want of prosecution, and was, therefore, without prejudice to another suit upon the same cause of action. The recitals of the decree do not sustain that contention. It appears therefrom that the cause was heard by the court "upon the pleadings and affidavit of plaintiff and the record of decree," etc., and that upon consideration the court found no equity in the complaint, and dismissed it. The defendants in that suit (appellees Bennett and Lollar) were constructively summoned, and made no appearance; so, notwithstanding the default, appellant was required by law to prove his cause of action against them. Kirby's Digest, § 6253. The court found the proof to be insufficient to sustain the allegations of the complaint, and dismissed it. That decree was not appealed from or set aside, so far as this record discloses, and therefore barred appellant from prosecuting another suit upon the same cause of action.

Affirmed.